No. 2379—SOUTHERN DRY DOCK COMPANY v. BAYOU SARA PACKET·
COMPANY, A. C. GODDIN, D. C. McCAN and E. M. RUSHA.

The sale of his property by a debtor in insolvent circumstances, may be annulled on the
ground of fraud; and in such a case fraud will be presumed if the vendee had knowledge
of the insolvent condition of the vendor at the time of the sale. C. C. 1984.

APPEAL from the Seventh District Court, parish of Orleans.
Collens, J.  B. Egan, for plaintiff and appellee.  Thomas Hunter
and R. H. Marr, for defendants and appellants.

LUDELING, C. J.  The plaintiff sued the Bayou Sara Packet Com-
pany for nineteen hundred and eighty dollars, with legal interest from
fourteenth May, 1867, and also the defendants, Goddin, McCan and
Rusha, to revoke (so far as it affects petitioner's rights) the transfer of
the steamer Wagoner, made by the said Bayou Sara Packet Company
to said Goddin, McCan and Rusha, fraudulently and to the injury of·
petitioner's rights.

There was judgment in favor of the plaintiff and the defendants·
have appealed.

The evidence satisfies us that the Bayou Sara Packet Company
was in insolvent circumstances, when it made the transfer of the said
boat to Goddin, McCan and Rusha, and that they knew this.  Goddin
was president of the company, and McCan and Rusha were members
thereof.  The price was the assumption of certain debts of the com-
pany, a very large proportion of which were due to themselves.  There
is no evidence to show that any portion of the price, if paid, inured to
the benefit of the plaintiff.

"The property of the debtor is the common pledge of his credit-
ors."  C. C. 3183.  A right implied in all obligations is "that the
property of the debtor shall be liable for all the consequences attend-
ing non-performance."  C. C. 1968.  Therefore, "it results that every·
act done, by a creditor, with the intent of depriving his creditor of
any eventual right he has upon the property of such debtor, is illegal,..
and ought, as respects such creditor, to be avoided."  1969 C. C.

"If the party with whom the debtor contracted be in fraud as well
as the debtor, he shall not, on the annulling the contract, be entitled
to a restitution of the price or consideration he may have paid, except·
for so much as he shall prove has inured to the benefit of the creditors by
adding to the amount of property applicable to the payment of their
debts; but if the only consideration be a sum due from such debtor
to the party with whom he contracted, then the only restitution to be
made is the placing the parties in the situation in which they were·
before the contract complained of was made."  C. C. 1982.

And "every contract" the Code says, "shall be deemed to have
been made in fraud of creditors, when the obligee knew that the·

·obligor was in insolvent circumstances, and when such contract gives to the obligee, if he be a creditor, any advantage over other creditors ·of the obligor." 1984 C. C.

It is therefore ordered and adjudged that the judgment of the lower ·court be affirmed, with costs of appeal.

Rehearing refused.